1

2

3

4

5

6

7

8      UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA

10

11     GERMAN PEREZ,                         No. 2:25-cv-12324-JAK (KSx)

12              Plaintiff,                    **ORDER RE TO SHOW CAUSE RE: SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS**

13     v.

14     TEXIS RESTAURANTS, INC, et al.,

15              Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28                                    1

1    Based on a review of the Complaint (Dkt. 1), the following determinations are

2    made:

3    The Complaint alleges violations of the Americans with Disabilities Act, 42

4    U.S.C. §§ 12131 et seq. (the "ADA"), the Unruh Civil Rights Act (the "Unruh Act"),

5    Cal. Civ. Code §§ 51-53, and other provisions of California law. Supplemental

6    jurisdiction is the basis for the state-law claims. Dkt. 1 ¶ 7. District courts may exercise

7    "supplemental jurisdiction over all other claims that are so related to claims in the action

8    within such original jurisdiction that they form part of the same case or controversy

9    under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This "is a

10   doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S.

11   715, 726 (1966). "In order to decide whether to exercise jurisdiction over pendent state

12   law claims, a district court should consider . . . at every stage of the litigation, the values

13   of judicial economy, convenience, fairness, and comity." *Nishimoto v. Federman-*

14   *Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990) (citation omitted).

15   In 2012, California imposed heightened pleading requirements for Unruh Act

16   claims. Cal. Civ. Code § 55.52(a)(1); Cal. Code Civ. Proc. § 425.50(a). In 2015,

17   California also imposed a "high-frequency litigant fee" for plaintiffs and law firms that

18   have brought large numbers of construction-related accessibility claims. Cal. Gov't Code

19   70616.5. As detailed in previous orders by this Court and other district courts in

20   California, these reforms addressed the small number of plaintiffs and counsel who bring

21   a significant percentage of construction-related accessibility claims. *E.g.*, *Whitaker v.*

22   *RCP Belmont Shore LLC*, No. LA CV19-09561 JAK (JEMx), 2020 WL 3800449, at *6-

23   8 (Mar. 30, 2020); *Garibay v. Rodriguez*, No. 2:18-cv-09187-PA (AFMx), 2019 WL

24   5204294, at *1-6 (C.D. Cal. Aug. 27, 2019). These statutes impose special requirements

25   for construction-related accessibility claims brought by high-frequency plaintiffs

26   pursuant to the Unruh Act. Because accepting supplemental jurisdiction over such claims

27   would permit high-frequency plaintiffs to side-step those state-law requirements by

28   2

1  pursuing the claims in a federal forum, many district courts, including this one, have

2  declined to exercise such jurisdiction. *E.g.*, *Whitaker*, 2020 WL 3800449, at *6-8;

3  *Garibay*, 2019 WL 5204294, at *1-6. A review of the docket in this District shows that,

4  in the one-year period preceding the filing of the Complaint, Plaintiff has filed more than

5  ten actions in which he has advanced construction-related accessibility claims. In a

6  California Superior Court, Plaintiff would be deemed a high-frequency litigant.

7  Therefore, "California's recent legislative enactments confirm that the state has a

8  substantial interest in this case." *Perri v. Thrifty Payless*, No. 2:19-CV-07829-CJC

9  (SKx), 2019 WL 7882068, at *2 (C.D. Cal. Oct. 8, 2019).

10        In light of the foregoing, Plaintiff is **ORDERED TO SHOW CAUSE** why the

11  Court should not decline to exercise supplemental jurisdiction over the state-law claims.

12  Plaintiff shall file a response to this Order to Show Cause, not to exceed ten pages, on or

13  before January 20, 2026. In responding to this Order to Show Cause, Plaintiff shall

14  identify the amount of statutory damages Plaintiff seeks to recover. Plaintiff shall also

15  present a declaration, signed under penalty of perjury, providing the evidence necessary

16  for the Court to determine if Plaintiff meets the definition of a "high-frequency litigant"

17  as defined in Cal. Code Civ. Proc. § 425.50(b)(1) & (2). Failure to file a timely response

18  to this Order to Show Cause may result in the dismissal of the state-law claims without

19  prejudice by declining to exercise supplemental jurisdiction over them, pursuant to 28

20  U.S.C. § 1367(c). Defendant may also file a response to this Order to Show Cause, not to

21  exceed ten pages, on or before January 27, 2026. Upon receipt of the response(s), the

22  matter will be taken under submission, and a written order will issue.

23  **IT IS SO ORDERED.**

24

25  Dated:  January 5, 2026        _____

26                      John A. Kronstadt

27                      United States District Judge

28                          3